1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   GREGORIO MUNOZ,                          CASE NO. CV-F-03-5565 REC DLB P
12                    Plaintiff,              FINDINGS AND RECOMMENDATION
                                             RE DISMISSAL OF ACTION FOR FAILURE
13                                            TO STATE A CLAIM
14          vs.
     GRAY DAVIS, et al.,
15
                     Defendants.
16   _____/
17
18          Plaintiff Gregorio Munoz ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

19   in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's amended

20   complaint.

     I.     Screening Standard
21
22          The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court

24   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

25   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

26   from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any

27   filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

28   if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

                                                1

1    granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

2          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

3    relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

4    claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

5    citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

6    Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

7    accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

8    425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

9    all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10   II.    Plaintiff's Allegations

11         In his amended complaint, plaintiff seeks relief against several state and prison officials for

12   denying him adequate care for injuries sustained as a result of several falls while performing his prison

13   job assignment duties.  Plaintiff states that in July 1999, he fell while working in the kitchen at Calipatria

14   State Prison, injuring his finger and right ankle.  He was examined and referred for additional medical

15   review.  He was granted time off from work and received Motrin.

16         Plaintiff alleges in May 2000, a food cart that weighed approximately 1000 pounds fell on top

17   of him injuring his forehead, back of head, back, and ankles.  He was given x-rays and Motrin.  Plaintiff

18   alleges that since the injury and after several institutional transfers, he has suffered increasing pain in

19   his back and feet.  Plaintiff was again injured in the kitchen in September 2000 when he dropped a

20   mixing bowl full of flour on both knees and hurt his back while attempting to maintain balance.

21         Plaintiff alleges that despite the compound injuries he has sustained and his chronic pain, he has

22   never been given proper medicines to manage his pain.

23         In late 2000, plaintiff was transferred to Avenal State Prison where he alleges he continued to

24   receive medical attention in the form of muscle relaxants and Motrin.  However, he states that he has

25   since learned that prolonged use of Motrin causes liver damage.

26         In 2001, plaintiff was transferred to Pleasant Valley State Prison where he claims his medical

27   care did not improve.  He only received Motrin for pain.  Plaintiff states that he has filed several

28

2

1  unsuccessful inmate appeals regarding his medical care.  He states that he is in constant pain and the

2  indifference to his condition by medical staff is a violation of his constiuional rights.

3      Plaintiff names as defendants former Governor Gray Davis; Timothy Gage, Director of the

4  Department of Finance; Robert Presley, Secretary for the California Youth and Corrections Agency;

5  Susan Steinberg, Deputy Director for Health Care; Gail Lewis, Warden of PVSP; Paul Ward, Associate

6  Warden; W.J. Juarez, Associate Warden; Dr. Klarich; and N.E. Villa, Correctional Counselor.  Plaintiff

7  seeks, among other things, compensatory and punitive damages.

8  III.    Discussion

9          A.    Eighth Amendment Claim

10      A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment

11  unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle

12  v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and

13  a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."

14  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

15  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than

16  mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v.

17  Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the

18  official "knows of and disregards an excessive risk to inmate health or safety." Id.

19      In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

20  civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

21  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton

22  v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A]

23  complaint that a physician has been negligent in diagnosing or treating a medical condition does not state

24  a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not

25  become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S.

26  at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith,

27  974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d

28

1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate

indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying

access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v. Gamble,

429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical treatment, the

prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th

Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.

1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Although neither a physician's negligence nor a prisoner's disagreement with a particular course

of treatment states a claim for deliberate indifference, a prison medical staff's acts or omissions will

constitute deliberate indifference if staff members knew of and disregarded an excessive risk to an

inmate's health.  Farmer v. Brennan, 511 U.S. at 837.  Prison officials are deliberately indifferent to a

prisoner's serious medical needs when they "interfere with treatment once prescribed."  Estelle v.

Gamble, 429 U.S. at 104-05.  The Ninth Circuit has found deliberate indifference where prison officials

"deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the

medical needs of the prisoner."  Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992) (reversing

summary judgment where prison officials forced prisoner to endure a plane flight that resulted in ear

injury, in direct contravention of a treating physician's previous orders); Ortiz v. City of Imperial, 884

F.2d 1312, 1314 (9th Cir. 1989) (per curium) (reversing summary judgment where medical staff knew

that pretrial detainee had head injury, but prescribed contraindicated medications, disregarding evidence

of complications to which they had been specifically alerted by private treating physician); Tolbert v.

Eyman, 434 F.2d 625 (9th Cir. 1970) (finding cognizable claim for deliberate indifference where warden

refused to authorize prisoner's receipt of medicine that had been previously prescribed by a physician);

Cf. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992) (where surgery recommended by prisoner's

prior physician was severely delayed, court was unable to hold doctors liable because prison

4

administrators, not the doctors, were responsible for scheduling treatment).

The Courts of other federal Circuits have also found deliberate indifference where prison officials ignore a previous physician's treatment plan.  White v. Napoleon, 897 F.2d 103 (3rd Cir. 1990) (finding cognizable claim for deliberate indifference where prison officials ignored private hospital's treatment orders and refused inmate's access to prescribed medication); Gill v. Mooney, 824 F.2d 192 (2nd Cir. 1987) (finding cognizable claim where prison officials refused to permit plaintiff to participate in exercise program prescribed by doctor); Eades v. Thompson, 823 F.2d 1055 (7th Cir. 1987) (finding cognizable claim where prisoner alleged that prison officials made him travel and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical orders); Martinez v. Mancusi, 443 F.2d 921 (2nd Cir. 1970), cert. denied 401 U.S. 983, cited with approval by Estelle v. Gamble, 429 U.S. at 105 n.10 (finding deliberate indifference where prison staff forced post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that inmate should not be moved); see also Carl T. Drechsler, Annotation, Relief Under Federal Civil Rights Acts to State Prisoners Complaining of Denial of Medical Care, 28 A.L.R. Fed. 279 (1976) (recognizing that, on the whole, courts do not condone the practice of prison officials ignoring orders rendered by a prisoner's previous physician).

Plaintiff fails to state a cognizable Eighth Amendment violation.  Plsaintiff acknowedges receiving treatment for his various injuries and for pain management.  Plaintiff simply is not satisfied with the level of treatment he has received.  Plaintiff's dissatisfaction with the quality of his medical care, does not implicate constitutional concerns.  Plaintiff is not entitled to his choice of treatment.  The Eighth Amendment prohibits deliberate indifference to serious medical needs.  Plaintiff's allegations to do not rise to such level.

Further, plaintiff has failed to link any of the named defendant to an affirmative act or omission giving rise to his alleged constitutional violation and plaintiff has failed to demonstrate that any of the named defendants "knew of and disregarded an excessive risk to his health or safety."

B.    Supervisory Liability Claim

In his amended complaint, plaintiff once again names several department heads as defendants. As plaintiff has been advised, supervisory personnel are generally not liable under section 1983 for the

1   actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

2   holds a supervisorial position, the causal link between him and the claimed constitutional violation must

3   be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld,

4   589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of

5   supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally

6   participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act

7   to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

8   repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen

9   v. Black, 885 F.2d 642, 646 (9th Cir. 1989)(internal citations omitted); Taylor v. List, 880 F.2d 1040,

10  1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to

11  support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163,

12  168 (1993).

13      Plaintiff has not alleged specific facts indicating that defendants personally participated in the

14  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

15  promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

16  rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

17      C.    Inmate Appeals

18      Plaintiff also makes reference to his many inmate appeals. To the extent plaintiff seeks to bring

19  claims against any of the named defendants based on the denial of his inmate appeals, such claims are

20  not cognizable. "[A prison] grievance procedure is a procedural right only, it does not confer any

21  substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez

22  v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th

23  Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

24  procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

25  confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it

26  does not give rise to a protected liberty interest requiring the procedural protections envisioned by the

27  Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp.

28

315, 316 (E.D. Mo. 1986).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.

IV.     Conclusion

Plaintiff has failed to state any cognizable claims for relief.  Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED in its entirety for failure to state a claim.  The Court does not recommend that leave to amend be granted because plaintiff was already given the opportunity to amend the complaint and was unable to cure the deficiencies noted in the first screening order.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 8, 2006**                    _____**/s/ Dennis L. Beck**_____
3b142a                                        UNITED STATES MAGISTRATE JUDGE